## CHRISTENSEN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.  November 24, 1909.)

1. CARRIERS (§ 328*)—INJURIES TO INTENDING PASSENGER—CONTRIBUTORY NEGLIGENCE.

   In an action for injuries by being squeezed between two cars at a point where the tracks converged, it was not negligence for plaintiff, attempting to board one of the cars, to let a more infirm person board the car ahead of him.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1367–1369; Dec. Dig. § 328.*]

2. CARRIERS (§ 347*)—INJURIES TO PASSENGER—NEGLIGENCE—QUESTION FOR JURY.

   In an action for injury to a person by being squeezed between two cars at a point where the tracks converged, whether defendant was negligent *held*, under the evidence, for the jury.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1346–1397, 1402; Dec. Dig. § 347.*]

Appeal from Trial Term, Kings County.

Action by Rudolph Christensen against the Brooklyn Heights Railroad Company.  From a judgment for defendant, entered on a nonsuit, plaintiff appeals.  Reversed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Walter Lester Glenney (Frank Harvey Field, on the brief), for appellant.

D. A. Marsh, for respondent.

MILLER, J.  The action is for personal injuries caused by the defendant's negligence.  The plaintiff went to the New York end of the Brooklyn Bridge, intending to take a Flatbush Avenue car for Brooklyn.  As he stood between the first and second loops waiting for a car, he observed a Fulton Street car coming in on the first track, and, while it was still standing to discharge or receive passengers, a Flatbush Avenue car came in on the second track, and stopped on the curve where the cars go out on the straight track for the return trip.  Passengers were discharged from both front and rear platform.  The plaintiff observed that only a few passengers were getting off from the front platform, and went to that end of the car to board it.  He says that he stepped aside, either to allow a lady to get off or an old gentleman to get on ahead of him, and that he was in the act of stepping onto the platform, when the Fulton Street car started up, and he was caught between the two cars, rolled around, and quite severely squeezed.

The defendant's tracks converge at the curve.  While the distances are not accurately given, the plaintiff estimated the distance from the front of the Flatbush car, where he stood, to track 1, as from 6 to 8 feet, and the distance from the center of the car to track 1 as from 15 to 20 feet.  Whatever be the distance, the fact is established that the two cars came so closely together as to squeeze the plaintiff be-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tween them. The plaintiff had a right to assume that it was safe for him to ·stand where the defendant's car stopped to receive passengers, and he certainly should not be charged with contributory negligence for letting a more infirm person board the car ahead of him. It seems to me that the negligence of the defendant is obvious. If the Flatbush Avenue car had been stopped a few feet back from the curve, the space between the two cars would have been ample. Certainly a jury would be justified in saying that it was negligence to stop a car to receive or let off passengers where the converging tracks would bring two cars on adjacent tracks so close together as to squeeze a person standing between them. A jury would also be justified in finding from the evidence that the motorman of the Fulton Street car should have observed the position of the plaintiff and of the Flatbush Avenue car ahead of him.

Judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.